FILED

AUG 2 0 2012

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

ROBERT HERNANDEZ                                                MOVANT

v.                                                              No. 5:08CR937-MPM

UNITED STATES OF AMERICA                                        RESPONDENT

## MEMORANDUM OPINION

This matter comes before the court on the motion [45] of Robert Hernandez to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The government has responded to the motion, and Hernandez has replied. The matter is ripe for resolution. For the reasons set forth below, the instant motion will be denied.

### Facts and Procedural Posture[1]

Section 292(b) of Title 28 of the United States Code permits the chief judge of a circuit to "designate and assign temporarily any district judge of the circuit to hold a district court in any district within the circuit." 28 U.S.C. 292(b) (2006). This case originated in the United States District Court for the Western District of Texas, San Antonio Division in March 2011. Under the authority granted by 28 U.S.C. § 292(b), on December 1, 2011, the matter was transferred to this Court for a ruling on the instant motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence.

On December 17, 2008, in the Western District of Texas, San Antonio Division, Movant Robert Hernandez (hereinafter "Hernandez") was charged in a one count indictment with

---

[1]The facts of this case, which the court has reproduced nearly verbatim from the government's response to the instant motion, can be found in the record and are not in legitimate dispute.

possession of a firearm by a convicted felon. See Indictment, document no. 1. On February 18, 2010, a plea agreement was filed. See Plea Agreement, document no. 34. In the written plea agreement, among other things, Hernandez stipulated he had sufficient time to review the plea agreement, he had discussed the plea agreement fully with his attorney, and he had received effective assistance of counsel. *Id.* at 4. Hernandez also waived the right to appeal and waived the right to contest the sentence in any post-conviction proceeding. *Id.* at 3 and 4. Hernandez also stipulated to the facts of this case, facts which satisfy each element of the offense charged. *Id.* at 2 and 3. In exchange for his plea of guilty, which included these stipulations, the government agreed not to oppose that he be sentenced at the low end of the advisory Sentencing Guidelines. *Id.* at 5. In exchange for his plea of guilty, Hernandez received a substantial benefit. The defendant acknowledged he would not be permitted to withdraw his guilty plea if the sentencing ranges as determined by the district court differed from those projected by the parties or by the Probation Office. *Id.* at 4. Hernandez pled guilty, with the assistance of defense counsel Joe Ponce, III, to one count of possession of a firearm by a convicted felon on February 24, 2010, before Magistrate Judge Nowak. See Plea Hearing Transcript, p. 5

The United States Probation Office conducted a pre-sentence investigation and prepared sentencing calculations in accordance with United States Sentencing Guidelines.

| | | |
|---|---|---|
| Base Offense Level | 24 | 2K2.1(a)(2) (stipulated in plea agreement) |
| Enhancement – Stolen Firearm | +2 | 2K2.1(b)(4) (stipulated in plea agreement) |
| | 26 | |

The Probation Office's Pre-Sentence Report scored a Total Offense Level 26, Criminal History V (which was stipulated in the plea agreement) for an advisory imprisonment Sentencing Guideline Range of 110 - 137 months. However, in exchange for Hernandez' plea of guilty and

acceptance of responsibility, the Government did not oppose a 3-level reduction in his Offense Level, for an Adjusted Offense Level of 23, reducing his advisory imprisonment Sentencing Guideline Range to 84 - 105 months. At the sentencing hearing on May 20, 2010, the Government fulfilled its agreement not to oppose a sentence at the low end of the Guidelines. *See* Sentencing Hearing Transcript, p. 2 - 4. Sentencing Hernandez to imprisonment for a term of 84 months, the district court followed the pre-sentence calculation and sentenced in accordance with Hernandez' request that he be sentenced at the low end of the Guidelines. *Id.* at 3. The judgment was filed May 25, 2010. *See* document no. 43.

On April 1, 2011, Hernandez filed his motion to vacate under 28 U.S.C. § 2255. *See* document no. 45. On April 22, 2011, Magistrate Judge Mathy noted that Hernandez' motion raised "mere conclusory allegations" refuted by the record. *See* document no. 46, p.2. Judge Mathy ordered movant Hernandez to show cause why the motion should not be dismissed. *Id.* at 4. On May 16, 2011, defendant filed a pleading in response to the show cause order. *See* document no. 47. On or about June 2, 2011, Magistrate Judge Mathy ordered the Government to file its response within sixty-three (63) days. The Government's response is timely filed.

### Ineffective Assistance of Counsel

Hernandez's claims are all presented in terms of ineffective assistance of counsel. To prove such a claim, Hernandez must show: (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced his legal position. *Strickland v. Washington*, 466 U.S. 668 (1984). Under the deficiency prong of the test, Hernandez must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. The court must analyze counsel's actions based upon

the circumstances at the time – and must not use the crystal clarity of hindsight. *Lavernia v. Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988). Hernandez "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). To prove prejudice, Hernandez must demonstrate that the result of the proceedings would have been different or that counsel's performance rendered the result of the proceeding fundamentally unfair or unreliable. *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir.), *cert. denied*, 116 S.Ct. 557 (1995); *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993); *Sharp v. Johnson*, 107 F.3d 282, 286 n.9 (5th Cir. 1997). Hernandez has not met this burden.

### Effect of Hernandez's Waiver of Appellate and Post-Conviction Collateral Rights

Hernandez argues that the government coerced him to sign the plea agreement, including the waiver of his right to appeal and to pursue post-conviction collateral relief – and that counsel was ineffective in failing to challenge the alleged coercion. He does not, however, point to any facts in the record or otherwise to support this contention. Waivers of the right to appeal and to seek post-conviction relief are valid during plea negotiations. *United States v. Portillo*, 18 F.3d 290 (5th Cir. 1994). Hernandez testified under oath that he understood his decision to waive his rights, including his right to appeal and his intent to enter a plea of guilty. *See* Plea Hearing Transcript, p. 11. "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977). Hernandez has, however, provided no evidence that he failed to understand the consequences of his actions. His attorney cannot be considered deficient for failing to raise claims knowingly and voluntarily waived in the process of plea bargaining. This claim is without merit and will be

denied.

## Failure of Counsel to File a Motion to Suppress

The court reads the present 28 U.S.C. § 2255 motion to allege ineffective assistance of counsel for failure to file a motion to suppress. Hernandez bases the motion on his belief that his attorney should have filed a motion to suppress based upon *Arizona v. Gant*, 129 S.Ct. 1710 (2009). *See* Movant's Response to Show Cause Order, document no. 47, p. 1 and 2. He does not, however, state how *Gant* would apply to his case.

> In Arizona v. Gant, the Supreme Court held:
>
> Police may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest. When these justifications are absent, a search of an arrestee's vehicle will be unreasonable unless police obtain a warrant or show that another exception to the warrant requirement applies.

*Arizona v. Gant*, 129 S.Ct. 1723-24.

Hernandez agreed and stipulated to the factual basis for the plea as part of the plea agreement. *See* Plea Agreement, document no. 34, p. 2. Included in the factual basis were the following facts:

(1) The vehicle the defendant was driving was stopped for traffic violations – failing to signal a turn and speeding (47/35).

(2) San Antonio Police Department (SAPD) officers made contact with the driver/defendant who was observed making suspicious and furtive movements in the waistband of his body. The officer observed an outline of an object underneath the front waistband area of the defendant's shirt.

(3) For officer safety, the defendant was ordered out of the vehicle. As the officer attempted to secure the defendant's right hand, he pulled away from the officer and began to flee on foot. A firearm fell from the waistband area of the defendant as he began to run.

(4) Ignoring officer commands, defendant continued to run away.

(5) On the same date as the arrest, the defendant was interviewed by special agents with the Bureau of Alcohol, Tobacco, Firearms & Explosives. Following his constitutional and statutory warning, the defendant stated he "had the weapon for his protection."

*Id.* at 2 and 3.

These facts, to which Hernandez stipulated, do not even suggest a Fourth Amendment violation. In addition, *Gant* simply does not apply to these facts. Hernandez's firearm was seized from Hernandez when it fell out of his pants as he fled from law enforcement officer, not during a search of his vehicle, as in *Gant*. Further, such a motion under the facts of this case would have been meritless, and counsel's decision not to file such a motion was sound. Finally, Hernandez executed the plea agreement, which states that he discussed the merits of the charges and all his rights and defenses, including his right to file motions with the court. Indeed, in his response to the court's show cause order, Hernandez stated that he discussed the issue at length with his attorney. Hernandez has shown neither that his attorney performed deficiently, nor that the outcome of the proceedings would have been different. These allegations are refuted in the record and will be dismissed for want of substantive merit.

### Counsel's Decision Not to File an Appeal

Finally, Hernandez argues that he directed counsel to file a notice of appeal, and counsel failed to do so. However, as discussed above, Hernandez knowingly and voluntarily waived his right to appeal in his plea agreement. As such, counsel's decision not to file an appeal was sound, as he merely acted in accordance with the agreement. Had counsel filed a notice of appeal, the government could have argued that Hernandez had reneged on the plea agreement, and Hernandez could have lost the substantial benefit he obtained during plea negotiations. Counsel adequately represented Hernandez in this matter, and this claim will be denied.

## Conclusion

In sum, Hernandez's allegations are without merit, and the instant motion under 28 U.S.C. § 2255 will be denied. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED,** this the 20th day of August, 2012.

/s/ MICHAEL P. MILLS
CHIEF JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI